Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| HÉCTOR LARRAURI COLÓN Y OTROS<br><br>Recurridos<br><br><br>V.<br><br><br>GENERA PR, LLC<br><br>Peticionaria | TA2026CE00306 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: VB2024CV00823<br><br>Sobre: Salarios (Ley Núm. 379-1948 y FSLA); Incumplimiento de Contratos de Empleo; Reclasificación Ilegal como Empleados Exentos, Procedimiento Sumario (Ley Núm. 2 -1961) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2026.

El 11 de marzo de 2026, compareció ante este Tribunal de Apelaciones, Genera PR, LLC (en adelante, Genera o parte peticionaria), mediante recurso de *certiorari*. Por medio de este, nos solicita que revisemos la *Resolución* emitida el 6 de febrero de 2026 y notificada el 9 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo* denegó la *Solicitud de Sentencia Sumaria* presentada por la parte peticionaria, así como la solicitud de sentencia sumaria parcial promovida por Héctor Larrauri Colón; Omar Figueroa Nazario; Antonio Martínez Gayol; Eduardo Santos; e Iván Rivera Zayas (en adelante, parte recurrida).

Por los motivos que adelante se esbozan, se *expide* el recurso de *certiorari* y se confirma el dictamen recurrido.

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Querella* sobre salarios, incumplimiento de contratos de empleo, reclasificación ilegal como empleados exentos, bajo el procedimiento sumario de la Ley Núm. 2 de 1961, instada por la parte recurrida contra Genera. Según surge de la *Querella*, los recurridos son ex empleados de la Autoridad de Energía Eléctrica (AEE) y ocuparon el puesto de "Ingenieros de Turno Senior". Explicaron que, de ordinario trabajaban turnos de ocho horas y se les compensaba por las horas extras que tuviesen que trabajar. Más adelante, en abril de 2023, Genera le ofreció ofertas de empleo a los recurridos para que continuaran ocupando la posición de "Ingenieros de Turno Senior". Conforme a la oferta, ocuparían dicho puesto desde el 1ro de julio de 2023, hasta el 30 de junio de 2025, como *empleados no exentos*, con un salario a razón de $40.00 la hora. La parte recurrida aseguró que, las ofertas de empleo recibidas incluían expresamente los beneficios aplicables al amparo de las leyes laborales de Puerto Rico, a todo empleado no exento privado, incluyendo días de vacaciones y enfermedad con paga, derecho a periodo de tomar alimentos y al pago de horas extras, entre otros. De acuerdo a la *Querella*, la parte recurrida aceptó las ofertas de empleo. Posteriormente, Genera cambió el título de las posiciones de los recurridos, de "Ingeniero de Turno Senior" a "Supervisor de Operaciones", y reclasificó a los recurridos como empleados exentos. Alegadamente, la reclasificación tuvo como consecuencia que la parte recurrida fuera despojada de los derechos que ostentaba como empleado no exento. Los recurridos aseguraron que, pese al cambio de posiciones y a la reclasificación, continuaban realizando las mismas tareas y deberes que realizaban previo a tales cambios.

En su *Querella* la parte recurrida sostuvo que, sufrió daños económicos y emocionales como resultado de la reclasificación

unilateral de empleo por parte de Genera. A su juicio, Genera violó los contratos de empleo de los recurridos, donde fueron contratados expresamente como empleados no exentos. Aseguró haber sufrido daños económicos ascendentes a la suma aproximada de $3,000.00, y daños emocionales valorados en no menos de $25,000.00. Finalmente, la parte recurrida le solicitó al foro primario: determinar que los recurridos son empleados no exentos de Genera; ordenar a esta última que los reclasifique como tal y a pagar la cuantía de daños exigida.

En respuesta, Genera presentó *Contestación a la Querella*. En primer lugar, negó las alegaciones esbozadas en la *Querella*. Explicó que, la posición de "Ingenieros de Turno Senior" no existía en la compañía, y que, los recurridos ocupaban puestos clasificados como "Ejecutivo" y/o "Profesional", según definidos por el Reglamento Núm. 13 del Departamento del Trabajo y Recursos Humanos y la reglamentación federal aplicable. Al ser exentos, reciben un salario independientemente de la cantidad de días u horas trabajas. Además, que, como empleados exentos su disponibilidad debía ser total, y podían tener horarios requeridos o asignados. Según razonó Genera, la parte recurrida carecía de causa de acción bajo cualquiera de los estatutos aludidos o inferidos en la *Querella*. Asimismo, adujo que, no existía causa relación causal alguna entre los alegados daños sufridos por los recurridos y actuación u omisión alguna de Genera. La parte peticionaria, aseguró además, haber actuado conforme a derecho sin incurrir en violación de ley alguna. Por último, solicitó al foro de primera instancia declarar sin lugar la *Querella*.

Posteriormente, la parte peticionaria presentó *Solicitud de Conversión al Procedimiento Ordinario*. Mientras que, la parte recurrida presentó *Oposición a Moción para Convertir el Caso al Trámite Ordinario*. Mediante *Resolución* emitida el 6 de diciembre de

2024, el Tribunal de Primera Instancia convirtió el caso de epígrafe al procedimiento ordinario.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, el 15 de septiembre de 2025, el foro *a quo* emitió *Orden* mediante la cual dio por concluido el descubrimiento de prueba, y le concedió a las partes hasta el 20 de octubre de 2025 para presentar mociones dispositivas.

Así las cosas, el 24 de octubre de 2025, Genera presentó *Solicitud de Sentencia Sumaria.* Por medio de esta, esbozó 102 hechos que, a su juicio, no estaban en controversia. Arguyó que, no existía controversia genuina de hechos materiales que impidiera la adjudicación sumaria de la controversia de epígrafe. Sostuvo que, los hechos incontrovertibles demostraban que los recurridos fueron correctamente reclasificados como empleados exentos. Según razonó, las funciones de los recurridos eran funciones atribuibles a los empleados exentos, y propias de las categorías de "ejecutivo" y "profesional". De igual manera, adujo que, no existía disposición contractual que prohibiera al patrono ajustar o corregir una clasificación de empleo "errónea" de acuerdo con las funciones desempeñadas. Solicitó la desestimación sumaria de la causa de acción de epígrafe.

De otro lado, la parte recurrida presentó *Oposición a Moción de Sentencia Sumaria.* Según la parte recurrida, las partes pactaron que los recurridos serían empleados no exentos de Genera con una serie de beneficios de empleo particulares. Sin embargo, Genera modificó dicho contrato unilateralmente para reclasificar el puesto a exento. Ante esto, la parte recurrida solicitó al foro primario que, declarara No Ha Lugar la solicitud de sentencia sumaria presentada por Genera, y dictara sentencia sumaria parcial a su favor, donde declarara Ha Lugar su reclamación de incumplimiento de contrato, y señalara vista para dilucidar los alegados daños sufridos. Aceptó

los hechos incontrovertidos propuestos por Genera, con excepción de los hechos número: 24, 32, 38, 58 y 68. Igualmente, sugirió 20 hechos adicionales que entendía que no se encontraban en controversia. Argumentó que, Genera debía garantizarle el empleo a los recurridos, por un mínimo de dos años, tal como fue pactado mediante el contrato y ofrecido en la oferta de empleo.

La parte recurrida señaló que, las partes suscribieron un documento intitulado *Acuerdos de Itinerario de Trabajo Semanal Alterno y Reducción Periodo de Alimentos.* Dicho acuerdo contenía una disposición donde se establece que el mismo tendría vigencia hasta que las partes acordaran por escrito terminarlo o modificarlo. Además, ninguna de las partes podía dar su consentimiento y dar por terminado el acuerdo hasta que hubiere transcurrido un año de ser efectivo, salvo mediara consentimiento de ambas partes. Los recurridos alegaron que, no habían acordado por escrito terminar ni modificar los términos del aludido acuerdo. La parte recurrida sostuvo que, Genera violó unilateralmente el mencionado acuerdo. Reiteró que, al Genera reclasificar unilateralmente a los recurridos como empleados exentos, y modificar sus compensaciones y beneficios marginales pactados contractualmente, esta incumplió con los contratos de empleo de los recurridos. Por último, la parte recurrida solicitó al foro primario declarar No Ha Lugar la solicitud de sentencia sumaria presentada por Genera y dictar sentencia sumaria a favor de los recurridos.

Luego de varias incidencias procesales, innecesarias pormenorizar, Genera presentó *Oposición a Solicitud de Sentencia Sumaria.* De entrada, sostuvo que, en nuestro ordenamiento jurídico no existía prohibición o limitación alguna que impidiera que Genera hubiera "corregido" prospectivamente la previa designación de clasificación no exenta, para asegurarse que se cumpla con los requisitos de ley y corresponda a las funciones desempeñadas por

los recurridos. Argumentó que, la parte recurrida no logró establecer los elementos necesarios para que el foro *a quo* pudiera emitir sentencia sumaria a su favor. Añadió que, la evidencia admitida demostraba que se debía dictar sentencia sumaria a favor de Genera. Según aseguró la parte peticionaria, el cambio prospectivo realizado respondió a sus facultades gerenciales conforme a la ley y jurisprudencia aplicable. Reiteró, además, los planteamientos previamente esbozados en su solicitud de sentencia sumaria. Igualmente, solicitó a la primera instancia judicial la desestimación sumaria de la reclamación de los recurridos, y que declarara No Ha Lugar la solicitud de sentencia sumaria de la parte recurrida.

El 6 de febrero de 2026, el Tribunal de Primera Instancia, emitió la *Resolución*[1] cuya revisión nos atiene. Por medio de esta dispuso 118 hechos incontrovertidos. Sin embargo, esbozó los siguientes hechos controvertidos.

1) Si los demandantes son empleados exentos.

2) Si la clasificación anterior como empleados no exentos era errónea.

3) Si la reclasificación provocó que ciertas compensaciones y beneficios de los demandados tales como cobro de horas extras, "meal penalty", días feriados que no trabajen, así como acumulación de licencias de vacaciones y enfermedad, se les redujeran.

4) Si Genera incumplió los contratos suscritos con estos, así como la OMA, los Acuerdos de Itinerario de Trabajo Semanal Alterno y Reducción de Periodo de Alimento y la Orden Administrativa 2023-01 al realizar la reclasificación de los puestos de trabajo.

5) Si la reclasificación realizada por Genera en torno a los puestos de trabajo de los demandantes provocó un menoscabo en las condiciones de trabajo de estos.

6) ¿Cómo fue el proceso para realizar la reclasificación de los puestos de empleo de los demandantes?

7) ¿Cuáles fueron las razones para realizar la reclasificación de los puestos de trabajo de los

---

[1] Notificada el 9 de febrero de 2026.

demandantes y si fue conforme al proceso reconocido por ley?

8) Si la reclasificación es cónsona y se ajusta a las funciones y responsabilidades que los demandantes realizan en sus puestos de trabajo.

9) La interpretación de los contratos de empleo, la OMA, la Orden Administrativa 2023-001 y los Acuerdos de Itinerario de Trabajo Semanal Alterno y Reducción de Periodo de Alimento relacionados con la reclasificación del puesto de trabajo de los demandantes.

10) Si la OMA es aplicable a los demandantes.

11) La intención de las partes al suscribir los contratos de empleo, la OMA y los Acuerdos de Itinerario de Trabajo Semanal Alterno y Reducción de Periodo de Alimento.

12) La intención de la AAFAF al emitirse la Orden Administrativa 2023-001.

13) Si las partes han acordado terminar, retirar su consentimiento o modificar los "Acuerdos de Itinerario de Trabajo Semanal Alterno y Reducción Periodo de Alimentos".

14) Los daños, si alguno.

Además, el foro *a quo* en su *Resolución* concluyó:

Luego de examinar detenidamente las mociones de sentencia sumaria presentadas por ambas partes, así como el expediente del caso en su totalidad, determinamos que no procede adjudicar el pleito de forma sumaria. Ello, debido a que subsisten controversias genuinas sobre hechos esenciales y determinantes, las cuales inciden directamente en la aplicación del derecho sustantivo reclamado. En particular, permanecen en controversia asuntos relacionados con la naturaleza real de las funciones desempeñadas por los demandantes, la validez y alcance de la reclasificación efectuada, así como la interpretación e intención de los contratos de empleo, el OMA y los acuerdos laborales suscritos entre las partes. La resolución de dichos asuntos requiere la evaluación de prueba testimonial y documental, así como la adjudicación de credibilidad. Por consiguiente, al no cumplirse con el estándar estricto requerido por la Regla 36 de Procedimiento Civil, se deniegan tanto la solicitud de sentencia sumaria presentada por la parte demandada como la solicitud de sentencia sumaria parcial promovida por la parte demandante.

Inconforme, la parte peticionaria acudió ante este foro revisor mediante el recurso de *certiorari* de epígrafe, en el cual esgrimió los siguientes señalamientos de error:

**PRIMER ERROR**: Erró el Tribunal de Primera Instancia al determinar que existen controversias de hechos que impiden que se dicte sentencia sumaria a favor de la Peticionaria.

**SEGUNDO ERROR**: Erró el Tribunal de Primera Instancia al identificar las controversias que alegadamente impiden que se dicte sentencia sumaria a favor de la peticionaria como controversias de hecho, en lugar de las controversias de derecho que debe resolver.

**TERCER ERROR**: Erró el Tribunal de Primera Instancia al no determinar que en este caso no existe base fáctica ni jurídica que sustente una reclamación por incumplimiento contractual.

El 25 de marzo de 2026, compareció la parte recurrida mediante *Oposición a Petición de Certiorari*.

Por otro lado, el 6 de abril de 2026, la parte peticionaria presentó *Moción Solicitando Desglose de Oposición a Certiorari*.

Mientras que, el 7 de abril de 2026, la parte recurrida presentó *Oposición a "Moción Solicitando Desglose de Oposición a Certiorari" y Solicitando el Desglose de la Misma*.

Mediante *Resolución* emitida el 10 de abril de 2026, declaramos No Ha Lugar la *Moción Solicitando Desglose de Oposición a Certiorari*. Además, dispusimos que en el ejercicio de nuestra función revisora, entenderemos exclusivamente en aquellos escritos y asuntos respecto a los cuales estemos facultados para así hacerlo.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372

(2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[3], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[4]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327

---

[2] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf
[4] *Íd.*

(2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### *B. Sentencia Sumaria*

La sentencia sumaria es un mecanismo procesal disponible en nuestro ordenamiento que nos permite resolver controversias sin que se requiera llegar a la etapa de juicio.[5] *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964 (2022); *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023); *Birriel Colón v. Econo y Otros*, 213 DPR

---

[5] *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021); *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 808 (2020); *Delgado Adorno v. Foot Locker Retail*, 208 DPR 622 (2022).

80, 90 (2023); *BPPR v. Cable Media*, 2025 TSPR 1, 215 DPR ___ (2025). La sentencia sumaria está regida por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, la cual desglosa los requisitos específicos con los que debe cumplir esta norma procesal. *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224 (2015); *Negrón Castro et al. v. SLG et al.*, 2025 TSPR 96, 216 DPR ___ (2025).

Ante la ausencia de una controversia sustancial y real sobre hechos materiales, sólo resta aplicar el derecho pertinente a la controversia. *Serrano Picón v. Multinational Life Ins.*, supra, pág. 992; *Batista v. Sucn. Batista et al.*, 2025 TSPR 93, 216 DPR ___ (2025); *Conklin v. Passalacqua*, 2026 TSPR 18 (2026). Cuando se habla de hechos materiales, nos referimos a aquellos que pueden determinar el resultado de la reclamación, de conformidad con el derecho sustantivo aplicable. Así pues, el propósito de la sentencia sumaria es facilitar la pronta, justa y económica solución de los casos que no presenten controversias genuinas de hechos materiales.[6] *Alicea Pérez v. Coop. Seg. Múlt. et al.*, 210 DPR 71 (2022); *Negrón Castro et al. v. SLG et al.,* supra; *BPPR v. Cable Media*, supra; *Conklin v. Passalacqua*, supra. Procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia admisible, se acredita la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si procede en derecho. *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 13; *Batista v. Sucn. Batista et al.*, supra. De la prueba adjunta a la solicitud de sentencia sumaria, deberá surgir preponderadamente

---

[6] *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 662-663 (2017); *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 13; *Roldán Flores v. M. Cuebas, Inc.*, 199 DPR 664, 676 (2018).

la inexistencia de controversia sobre los hechos medulares del caso. *Birriel Colón v. Econo y Otros*, supra, pág. 91.

Cónsono con esto, en el pasado el Tribunal Supremo de Puerto Rico ha afirmado que -utilizado ponderadamente- el mecanismo de sentencia sumaria es un vehículo idóneo para descongestionar los calendarios de los tribunales y evitar el derroche de dinero y tiempo que implica la celebración de un juicio en su fondo. Véase *Carpets & Rugs v. Tropical Reps.*, 175 DPR 615 (2009); *Padín v. Rossi*, 100 DPR 259 (1971); *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, detalla el procedimiento que deben seguir las partes al momento de solicitar que se dicte una sentencia sumaria a su favor. A esos efectos, establece que una solicitud al amparo de ésta deberá incluir: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V. R. 36.3. *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 14.

Cumplidos estos requisitos, el Tribunal Supremo de Puerto Rico expresó además en *Pérez Vargas v. Office Depot*, supra, pág. 699, que el inciso (e) de la Regla 36.3 establece lo siguiente:

La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente. El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o contra cualquier parte en el pleito. Si la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. 32 LPRA Ap. V, R. 36.3 (e).

La sentencia sumaria no procederá en las instancias que: 1) existan hechos materiales y esenciales controvertidos; 2) haya alegaciones afirmativas en la demanda que no han sido refutadas; 3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o 4) como cuestión de derecho, no proceda. *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 14; *Serrano Picón v. Multinational Life Ins.*, supra, pág. 992; *Conklin v. Passalacqua*, supra; *Negrón Castro et al. v. SLG et al.*, supra.

En armonía con la normativa reseñada, nuestra Máxima Curia ha expresado que, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones *Birriel Colón v. Econo y Otros*, supra, pág. 90; *BPPR v. Cable Media*, supra; *Ramos Pérez v. Univisión*, supra, págs. 215-216. Las meras afirmaciones no bastan. *Íd.* "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente". *Ramos Pérez v. Univisión*, supra, pág. 215. (Cita omitida). *Roldán Flores v. M. Cuebas, Inc.*, supra, pág. 677. Además, se le exige a la parte que se oponga ciertas exigencias

adicionales. Primeramente, deberá presentar una relación concisa y organizada de los hechos esenciales y pertinentes que, a su juicio, estén en controversia, citando específicamente los párrafos según fueron enumerados por el promovente de la moción. *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 15. También, deberá enumerar los hechos que no estén en controversia, con indicación de los párrafos o páginas de las declaraciones juradas u otra prueba admisible donde se establezcan estos. *Íd.* En adición, deberá esbozar las razones por las cuales no se debe dictar sentencia sumaria, argumentando el derecho aplicable. *Íd.*

Si el oponente no controvierte los hechos propuestos de la forma en la que lo exige la Regla 36.3 de Procedimiento Civil, *supra*, se podrán considerar como admitidos y se dictará la Sentencia Sumaria en su contra, si procede. *Roldán Flores v. M. Cuebas, Inc.*, supra, pág. 677.

Respecto a la revisión de las sentencias sumarias, el foro apelativo deberá utilizar los mismos criterios que el Tribunal de Primera Instancia. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 114 (2015); *González Meléndez v. Mun. San Juan*, supra. Nuestro Máximo Foro ha sido claro en que, [l]os tribunales apelativos estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. *Birriel Colón v. Econo y Otros*, supra, pág. 91; *Batista v. Sucn. Batista et al.*, supra. De acuerdo a lo anterior, el foro apelativo está obligado a examinar *de novo* la totalidad de los documentos incluidos en el expediente de la forma más favorable al promovido. *Íd.*; *Birriel Colón v. Econo y Otros*, supra, págs. 91-92; *Negrón Castro et al. v. SLG et al.*, supra; *Serrano Picón v. Multinational Life Ins.*, supra, pág. 993; *Meléndez González et al. v. M. Cuebas*, supra, pág. 116.

Esbozado el derecho que enmarca la controversia de epígrafe, procedemos a aplicarlo.

**III**

La parte peticionaria nos solicita que revisemos una *Resolución* emitida el 6 de febrero de 2026, y notificada el 9 de febrero de 2026, por el Tribunal de Primera Instancia. En virtud de dicha *Resolución*, el foro recurrido denegó la solicitud de sentencia sumaria presentada por la parte peticionaria.

En el ejercicio de nuestra función revisora nos corresponde: 1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia[7].

De un ponderado análisis del expediente ante nuestra consideración, surge que, la parte peticionaria en su moción de sentencia sumaria, cumplió sustancialmente con las formalidades dispuestas por la Regla 36 de Procedimiento Civil, *supra*. Puesto que, incluyó las alegaciones de las partes, realizó una enumeración de hechos sobre los cuales entendía eran incontrovertidos, de manera detallada, separada y sustentada. Asimismo, hizo referencia a varios documentos que obran en el expediente. En cuanto a la

---

[7] *Roldán Flores v. M. Cuebas, Inc.*, supra, pág. 679.

oposición la parte recurrida también cumplió de manera sustancial con las formalidades dispuestas por la Regla 36 de Procedimiento Civil, *supra.*[8]

En cumplimiento con la normativa vigente sobre la sentencia sumaria, evaluamos de *novo* las determinaciones de hechos del Tribunal de Primera Instancia y las acogemos por no encontrarse en controversia.

Según se desprende del expediente, el foro de primera instancia acogió como hechos incontrovertidos la mayoría de los hechos propuestos por la parte peticionaria en su solicitud de sentencia sumaria, con excepción de los hechos número 24, 32, 38 (fue acogido parcialmente), 58 y 68. De igual manera, acogió varios de los hechos adicionales propuestos por la parte recurrida, con excepción de los hechos número 6, 14 (acogido parcialmente), 18 y 20 (acogido parcialmente).

Conforme reseñáramos, el Tribunal de Primera Instancia determinó que no procedía la resolución de la controversia de epígrafe por la vía sumaria, dado a que existían varios hechos en controversia. A saber:

1) Si los demandantes son empleados exentos.

2) Si la clasificación anterior como empleados no exentos era errónea.

3) Si la reclasificación provocó que ciertas compensaciones y beneficios de los demandados tales como cobro de horas extras, "meal penalty", días feriados que no trabajen, así como acumulación de licencias de vacaciones y enfermedad, se les redujeran.

4) Si Genera incumplió los contratos suscritos con estos, así como la OMA, los Acuerdos de Itinerario de Trabajo Semanal Alterno y Reducción de Periodo de Alimento y la Orden Administrativa 2023-01 al realizar la reclasificación de los puestos de trabajo.

5) Si la reclasificación realizada por Genera en torno a los puestos de trabajo de los demandantes

---

[8] Regla 36.3(b) de Procedimiento Civil, *supra*; *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 15.

provocó un menoscabo en las condiciones de trabajo de estos.

6) ¿Cómo fue el proceso para realizar la reclasificación de los puestos de empleo de los demandantes?

7) ¿Cuáles fueron las razones para realizar la reclasificación de los puestos de trabajo de los demandantes y si fue conforme al proceso reconocido por ley?

8) Si la reclasificación es cónsona y se ajusta a las funciones y responsabilidades que los demandantes realizan en sus puestos de trabajo.

9) La interpretación de los contratos de empleo, la OMA, la Orden Administrativa 2023-001 y los Acuerdos de Itinerario de Trabajo Semanal Alterno y Reducción de Periodo de Alimento relacionados con la reclasificación del puesto de trabajo de los demandantes.

10) Si la OMA es aplicable a los demandantes.

11) La intención de las partes al suscribir los contratos de empleo, la OMA y los Acuerdos de Itinerario de Trabajo Semanal Alterno y Reducción de Periodo de Alimento.

12) La intención de la AAFAF al emitirse la Orden Administrativa 2023-001.

13) Si las partes han acordado terminar, retirar su consentimiento o modificar los "Acuerdos de Itinerario de Trabajo Semanal Alterno y Reducción Periodo de Alimentos".

14) Los daños, si alguno.

La parte peticionaria plantea que, el foro *a quo* incidió al: 1) determinar a favor de la existencia de hechos en controversia que impiden que se dicte sentencia sumaria a favor de la peticionaria, 2) al identificar controversias que le impiden dictar sentencia sumaria a favor de la parte peticionaria como controversias de hecho, en lugar de las controversias de derecho que debe resolver, y 3) al no determinar que en el caso de epígrafe no existe base fática ni jurídica que sustente una reclamación por incumplimiento contractual.

Adelantamos que, no le asiste la razón. Veamos.

Nuestro Máximo Foro ha expresado que, sentencia sumaria no procederá cuando: 1) existan hechos materiales y esenciales

controvertidos; 2) haya alegaciones afirmativas en la demanda que no han sido refutadas; 3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o 4) como cuestión de derecho, no proceda.[9]

En el caso de epígrafe, el foro *a quo* razonó que, no procedía adjudicar el caso de epígrafe de manera sumaria ya que, existen controversias genuinas sobre hechos esenciales y determinantes, que inciden directamente en la aplicación del derecho sustantivo reclamado.

En los hechos identificados como controvertidos por el Tribunal de Primera Instancia, existen cuestiones que, si bien pueden ser de derecho, se encuentran intrínsecamente atadas a los hechos y a aspectos de credibilidad. Nos explicamos. En los hechos particulares de este caso, de los documentos acompañados a las mociones de sentencia sumaria surge la interrogante sobre si los empleados, en efecto, eran exentos; a qué consideraciones verdaderamente responde la reclasificación de estos, y el alcance de la misma. Además, es necesario evaluar la intención de las partes al momento de suscribir los contratos y acuerdos de empleo[10], así como otros asuntos señalados por el foro recurrido. Como bien resolvió la primera instancia judicial, la resolución de tales asuntos, requiere la evaluación de prueba testifical y documental.

Al revisar de *novo* el expediente ante nuestra consideración, coincidimos con el foro primario en cuanto a que, en el caso de epígrafe existen controversias de hechos materiales –las cuales acogemos– que impiden que se dicte sentencia sumaria a favor de la

---

[9] *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 14; *Serrano Picón v. Multinational Life Ins.*, supra, pág. 992; *Conklin v. Passalacqua*, supra; *Negrón Castro et al. v. SLG et al.*, supra.

[10] Cabe destacar que, reconocemos que nuestro Tribunal Supremo ha expresado que, no existe impedimento alguno para que se utilice el mecanismo de sentencia sumaria en reclamaciones que requieran elementos subjetivos y de intención, ello cuando de los documentos a considerarse en la solicitud de sentencia sumaria surge la inexistencia de controversia respecto a los hechos materiales. Sin embargo, en el caso de marras sí hay controversia en torno a hechos materiales. Véase *Batista v. Sucn. Batista et al.*, supra.

parte peticionaria. Particularmente, estas controversias involucran cuestiones de credibilidad que ameritan la celebración de un juicio en su fondo. Por tanto, nos es forzoso concluir que, la prueba acompañada al expediente es insuficiente para disponer de todas las controversias sumariamente.

Es por lo que, no incidió la primera instancia judicial al denegar la solicitud de sentencia sumaria presentada por la parte peticionaria. Consecuentemente, colegimos que, el Tribunal de Primera Instancia aplicó el derecho correctamente.

**IV**

Por los fundamentos que anteceden, se *expide* el recurso de *certiorari* y se confirma el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. El Juez Pagán Ocasio concurre sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones